**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

CASE NO.: 6:14-cv-2009-GKS-TBS

RONALD BEAUCHAMP,

      Plaintiff,

v.

BANK OF AMERICA, N.A.; BAC HOME
LOANS SERVICING, L.P., F/K/A
COUNTRYWIDE HOME LONAS
SERVICING L.P.; TRIPP SCOTT P.A.;
JACQUELINE COSTOYA; MATTHEW H.
SCOTT; JENNA PIOTROSKI; LAUREN E.
DELL AND JOHN M. MULLIN,

      Defendants.

_____/

## BANK OF AMERICA'S MOTION TO DISMISS THE COMPLAINT

Defendant, BANK OF AMERICA, N.A., as successor by merger to BAC HOME LOANS

SERVICING, L.P., F/K/A COUNTRYWIDE HOME LOANS SERVICING, L.P., ("Defendant"),

pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), hereby files its Motion to Dismiss the Complaint

[DE 1] filed by Plaintiff, RONALD BEAUCHAMP ("Plaintiff"), and states as follows:

## I.    FACTUAL ALLEGATIONS

Plaintiff's action stems from a state court foreclosure action filed in Volusia County,

Florida, and styled *BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing,*

*L.P., v. Ronald Beauchamp, et al.*, Case No. 2010-30585-CICI.[1]  In the instant action, Plaintiff

alleges that Bank of America, N.A. ("BANA"), and BAC Home Loans Servicing, L.P.("BAC"),

violated the Fair Debt Collection Practices Act ("FDCPA")[2]  and the Florida Consumer Collection

---

[1]  *See Compl.*, ¶ 15.
[2]  *Compl.*, Count I.

CASE NO.: 6:14-cv-2009-GKS-TBS

Practices Act ("FCCPA")[3]. Plaintiff also alleges that BANA violated the Fair Credit Reporting Act ("FCRA").[4]

Specifically, Plaintiff contends that after Defendant initiated the foreclosure action, BANA and BAC violated the FDCPA by continuing to communicate with Plaintiff despite Plaintiff's request for communication to stop; falsely misrepresenting the character or amount of the debt; collecting amounts that were not expressly authorized by the agreement between Plaintiff and Defendant; and by continuing to collect the debt despite having notice that Plaintiff disputed the debt.[5] Plaintiff alleges that Defendant violated the FCCPA by disclosing information regarding the debt despite knowing the debt was in dispute and attempting to enforce an illegitimate debt.[6] Plaintiff also claims Defendant failed to satisfy Section 559.715 of the FCCPA, and thus, failed to satisfy a condition precedent to bringing the foreclosure action.[7] Additionally, Plaintiff contends that BANA violated the FCRA by reporting information about the debt to credit reporting agencies despite knowing the debt was in dispute; failing to investigate the dispute; and failing to request that credit reporting agencies delete inaccurate information regarding the debt.[8]

Plaintiff states few facts to support any of the allegations in the Complaint. Instead, Plaintiff merely copies and pastes portions of the FDCPA, FCCPA, and FCRA into the Complaint.[9] Plaintiff's ill-pled Complaint should be dismissed because it fails to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. Moreover, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, collateral estoppel, and *res judicata*. Even if these claims

---

[3] *Compl.*, Count II.
[4] *Compl.*, Count III.
[5] *Compl.*, ¶ 33.
[6] *Compl.*, ¶ 45.
[7] *Compl.*, ¶ 22.
[8] *Compl.*, ¶ 53.
[9] *Compl.*, ¶¶ 33, 45, and 53.

LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: 6:14-cv-2009-GKS-TBS

were not barred, Plaintiff has failed to state a cause of action for violations of the FDCPA or the

FCCPA.

## II.    ARGUMENT

### A. Plaintiff's Complaint Fails To Satisfy The Requirements of Rule 8 of the Federal Rules of Civil Procedure

*i.    Statement of the Law*

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief."[10] Federal Civil Procedure Rule 8(a) "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation."[11] A complaint's well-pled factual

allegations "must be enough to raise a right to relief *above the speculative level*."[12]

While the Court must assume the truth of those well-pled allegations, it need not accept

true legal conclusions or "threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements."[13] A complaint may survive a motion to dismiss only if it "states a

plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of

misconduct" based upon "its judicial experience and common sense."[14]

---

[10] Fed. R. Civ. P. 8(a)(2).
[11] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).
[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added).
[13] *Iqbal*, 129 S. Ct. at 1949.
[14] *Id.* at 1950; *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010) (stating that to survive a motion to dismiss a complaint must contain sufficient factual matter "to state a claim to relief that is *plausible* on its face.") (quoting *Twombly*, 550 U.S. at 570); *Oxford Asset Mgmt. Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citing *S. Florida Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.")).

LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: 6:14-cv-2009-GKS-TBS

    ii.    *Plaintiff's Complaint is an Improper Shotgun Pleading*

Plaintiff's Complaint should be dismissed because it is an improper shotgun pleading. A "shotgun pleading" is one which is so egregiously vague it is virtually impossible to determine which allegations of fact are intended to support which claims for relief.[15] The term applies when allegations are so "massive and jumbled" that a defendant cannot sort out what is being alleged or who the allegations are against.[16] A shotgun pleading may also "[contain] several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions."[17] The Eleventh Circuit has condemned shotgun pleadings "upwards of fifty times."[18] "Cases framed by shotgun pleadings consume an inordinate amount of a court's time. As a result, justice is delayed, if not denied, for litigants who are standing in the queue waiting to be heard."[19]

Plaintiff's Complaint is a classic shotgun pleading. Each count recites statutory language and includes a malnourished allegation that the statutory requirements were violated.[20] Plaintiff has not alleged any facts to support these contentions. There is no "who what, why, when, or where." As a result, the claims are replete with factually and legally irrelevant allegations. Such complaints do little more than waste the parties'—and the Court's—time and resources.[21] As alleged, it is impossible to determine which facts, if any, support Plaintiff's FDCPA, FCCPA, or FCRA actions. Accordingly, Plaintiff's shotgun complaint should be dismissed.

---

[15] *See Anderson v. Dist. Bd. of Trustees*, 77 F.3d 364, 366 (11th Cir.1996).
[16] *Jason's Port City Health Club, Inc. v. Hartford Fire Ins. Co.*, 2005 WL 1527692 *3 (S.D. Ala. 2005).
[17] *Strategic Income Fund v. Spear, Leeds & Kellogg*, 305 F.3d 1293, 1295 n.9 (11th Cir. 2002); *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)
[18] *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008).
[19] *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001).
[20] *Compl.*, ¶¶ 33, 45, 53-55.
[21] *Byrne*, 261 F.3d at 1130.

LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: 6:14-cv-2009-GKS-TBS

## B. PLAINTIFF'S CLAIMS ARE BARRED BY THE ROOKER-FELDMAN DOCTRINE

Under the *Rooker-Feldman* doctrine,[22] federal courts, other than the United States Supreme Court, lack subject matter jurisdiction to review final judgments of state courts.[23] The *Rooker-Feldman* doctrine bars claims by "state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."[24]

The *Rooker-Feldman* doctrine applies both to claims actually raised in state court and to those that are "inextricably intertwined" with a state court judgment.[25] A claim is "inextricably intertwined with the state court judgment" when either "the success of the federal claim would effectively nullify the state court judgment" or "the federal claim succeeds only to the extent that the state wrongly decided the issues.'"[26] Importantly, if a plaintiff's claims require the federal district court to re-examine the state court decision, the court lacks subject matter jurisdiction to hear the case.[27]

The Eleventh Circuit has specifically barred plaintiffs from collaterally attacking state

---

[22] The doctrine is based on the holdings in the following two United States Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[23] *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2002).

[24] *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1249 (11th Cir. 2009).

[25] *Figueroa v. MERSCORP, Inc.*, 766 F. Supp. 2d 1305, 1316 (S.D. Fla. 2011); *see also Liedel v. Juvenile Court of Madison Cnty.*, 891 F.2d 1542, 1545 (11th Cir. 1990) (holding that *Rooker-Feldman* applies even when claim was not raised in state court).

[26] *Springer v. Perryman, 401 F. App'x.* 457, 458 (11th Cir. Oct. 27, 2010); *see also Woodfaulk v. Lamar,* 2007 U.S. Dist. LEXIS 97462, at *19-20 (M.D. Fla. Dec. 20, 2007) ("The doctrine is broad enough to bar all federal claims which were, or should have been, central to the state court decision, even if those claims seek a form of relief that might not have been available from the state court.").

[27] *Zisser v. Fla. Bar*, 747 F. Supp. 2d 1303, 1312 (M.D. Fla. 2010).

CASE NO.: 6:14-cv-2009-GKS-TBS

foreclosure judgments in federal court.[28] The Southern District of Florida Court followed suit finding that the *Rooker-Feldman* doctrine barred a putative class action founded on alleged deficiencies in certain lenders and servicers' foreclosure processes.[29]   The court held that by entering judgments of foreclosure in the prior underlying proceedings, the state courts "determined the foreclosures were proper [and] the foreclosing parties satisfied Florida's procedural safeguards," and so the *Rooker-Feldman* doctrine barred the subsequent federal action.[30]

Similarly, the Southern District of Florida Court also held that the *Rooker-Feldman* doctrine mandated dismissal of a complaint alleging that a loan servicer improperly initiated state court foreclosure proceedings (which had already been concluded) without first obtaining an assignment of the mortgage note.[31]   The court held that because filing the foreclosure action prior to obtaining an assignment "was accepted by the state court" when it entered judgment in the foreclosure action, plaintiff's subsequent claims alleging that this conduct was improper were "inextricably intertwined with a state court foreclosure judgment."[32]

Here, there can be no question that Plaintiff did not prevail in state court and now complains of injuries caused by the final state foreclosure judgment. Plaintiff's Complaint is based on the Defendant's alleged wrongful foreclosure action.[33]  Based on the Notice of *Lis Pendens* attached to the Complaint, Plaintiff disputed the legitimacy of the debt in the

---

[28] *Parker v. Potter*, 368 F. App'x 945, 948 (11th Cir. 2010) (finding that "the effect of the District Court's judgment unquestioningly invalidated the state's final judgment granting foreclosure and therefore offended the Rooker-Feldman doctrine"); *Velardo v. Freemon Inv. & Loan*, 298 F. App'x 890, 892-93 (11th Cir. 2008) (affirming the district court's dismissal under *Rooker-Feldman* because "it [was] obvious that [the plaintiffs'] federal claims were inextricably intertwined with those litigated by the circuit court [foreclosure] judgment").
[29] *Figueroa*, 766 F. Supp. 2d at 1324.
[30] *Id.*
[31] *Distant v. Bayview Loan Servicing, LLC*, 2010 U.S. Dist. LEXIS 28274, at *7 (S.D. Fla. Mar. 25, 2010).
[32] *Id.* at *8.
[33] *Compl.*, ¶ ¶ 15 and 22.

LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: 6:14-cv-2009-GKS-TBS

foreclosure action just as Plaintiff disputes the legitimacy of the debt in the instant case.[34] Ultimately, the court found in favor of Defendant in the foreclosure action and entered a Final Judgment of Foreclosure.[35] Plaintiff subsequently appealed the Final Judgment of Foreclosure to the Fifth District Court of Appeal (the "Appellate Court") in a case styled *Ronald Beauchamp v. BAC Home Loans Servicing, L.P., etc., et al.*, Case No. 5D13-3324 (the "Appeal"). Plaintiff also filed for Chapter 7 bankruptcy in the Orlando Division of the United States Bankruptcy Court (the "Bankruptcy Court") in a case styled *In re Ronald Beauchamp*. The Bankruptcy Court granted the Defendant's Motion for Relief from Stay, which lifted the automatic stay on the foreclosure action.[36] Additionally, the Fifth District Court of Appeals upheld the Final Judgment of Foreclosure.[37]

Now, Plaintiff seeks to collaterally attack that Final Judgment of Foreclosure. Ultimately, Plaintiff is bound by the decree of the foreclosure complaint, and any claims for injuries Plaintiff alleges resulted from the Final Judgment of Foreclosure in the state court action are barred by the *Rooker-Feldman* doctrine and must be dismissed.

## C. PLAINTIFF'S CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL AND THE RELATED DOCTRINE OF RES JUDICATA

### i. *Res judicata bars Plaintiff's claims.*

Plaintiff's claims are also barred by *res judicata* because Plaintiff litigated the claims in the state court foreclosure action. *Res judicata* provides that prior judgments are conclusive as to every

---

[34] *See Compl.*, Exh. A.
[35] *See* Final Judgment of Foreclosure attached hereto as Exhibit "A."
[36] *See* Order on Defendant's Motion for Relief from Stay attached hereto as Exhibit "B."
[37] *See* Appellate Court Order attached hereto as Exhibit "C."

LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

**CASE NO.: 6:14-cv-2009-GKS-TBS**

question decided or that could have been litigated.[38] Under Florida law[39], *res judicata* applies "when all four of the following conditions are present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of quality in persons for or against whom claim is made."[40] In other words, *res judicata* requires "plaintiffs to raise all available claims involving the same circumstances in one action."[41] Florida courts have also found that *res judicata* bars collateral attacks on foreclosure judgments.[42]

Here, the four conditions necessary for *res judicata* are all present. First, the "thing being sued for" in the foreclosure action is identical to the thing being sued for in the instant action. Plaintiff alleges he sent a debt validation notice to the Defendant after Defendant initiated the foreclosure action.[43] Plaintiff also disputed the legitimacy of the debt in the foreclosure action as is evidenced by the Notice of Lis Pendens attached to the Complaint.[44] Despite the debt validation notice, Defendant allegedly continued to collect the debt by proceeding with the foreclosure action.[45] Thus, Plaintiff's claims are based on the same loan and the same default at issue in the foreclosure action. Both the foreclosure action and the instant action concern the state court's Final

---

[38] *Hay v. Salisbury*, 109 So. 617, 621 (Fla. 1926).

[39] Florida state law applies because the foreclosure judgment at issue in this matter was rendered in Florida state court. *Stockton v. Lansiquot*, 838 F.2d 1545, 1545-46 (11th Cir. 1988) ("A federal court must apply the law of the state in which it sits with respect to *res judicata*, and is required under 28 U.S.C.A. § 1738 to give the same preclusive effect to a state court judgment as that judgment would enjoy in the courts of the state in which it was rendered.").

[40] *Fla. Bar v. Rodriguez*, 959 So. 2d 150, 158 (Fla. 2007).

[41] *Dep't of Agric. & Consumer Servs. v. Mid-Florida Growers, Inc.*, 570 So. 2d 892, 901 (Fla. 1990). *Res judicata* also bars a defense disguised in a second suit as an independent cause of action. *Sottile v. Gaines Constr.*, 281 So. 2d 558, 561 (Fla. 3d DCA 1973).

[42] *Marco Tech. Corp. v. Reynolds*, 520 So. 2d 65, 65 (Fla. 4th DCA 1988) ("The final judgment of foreclosure is not subject to collateral attack where the trial court had jurisdiction of the subject matter and of the parties."); *Sailboat Key Developers v. Sun Bank*, 367 So. 2d 1093, 1094 (Fla. 3d DCA 1979) ("These collateral attacks on the . . . foreclosure judgment should have been raised in the foreclosure suit and the appeal from that judgment.").

[43] *Compl.*, ¶¶ 15 and 16.

[44] *Compl.*, Exh. A.

[45] *Compl.*, ¶ 21.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

**CASE NO.: 6:14-cv-2009-GKS-TBS**

Judgment of Foreclosure. Thus, the requirement that there be "identity of thing being sued for" has been met.[46]

Second, "identity of the cause of action" exists because the facts underlying the state foreclosure judgment and the facts underlying this action are identical.[47] Third, Defendant and Plaintiff are the same parties in the respective state court foreclosure actions. Finally, there is identity of the quality of persons for or against whom the claim was made because Plaintiff "had the incentive to adequately litigate the claims in the same character or capacity" as Plaintiff would in this federal action."[48]

Plaintiff's failure to assert these claims in the state foreclosure proceedings would not alter this analysis:

> Florida courts have consistently adhered to the rule that [a] judgment on the merits rendered in a former suit between the same parties or their privities, upon the same causes of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.[49]

Because Plaintiff could have raised and did raise Plaintiff's claims in the foreclosure action, Plaintiff's claims are now barred.[50]

---

[46] *Munck v. Manatee River Bank & Trust Co.*, 165 So. 57, 59 (Fla. 1935) ("The very purpose of a mortgage foreclosure suit is to enforce the mortgage lien against the title or interest of the mortgagr [sic].").

[47] *Atl. Shores Resort, LLC v. 507 S. St. Corp.*, 937 So. 2d 1239, 1243 n.3 (Fla. 3d DCA 2006) ("The determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions."); *see also iStar FM Loans LLC v. East,* 2011 U.S. Dist. LEXIS 133620, at *9 (M.D. Fla. Nov. 18, 2011) ("[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate as a former action, then the two cases are really the same claim or cause of action for purposes of *res judicata*.").

[48] *Stockton*, 838 F.2d at 1546-47.

[49] *Kimbrell v. Paige*, 448 So. 2d 1009, 1012 (Fla. 1984); *see also Engle v. Liggett Group, Inc.,* 945 So. 2d 1246, 1259 (Fla. 2006) ("The foundation of *res judicata* is that a final judgment in a court of competent jurisdiction is absolute and settles all issues actually litigated in a proceeding as well as those issues that could have been litigated.").

[50] *See Wise v. Tucker*, 399 So. 2d 500, 502 (Fla. 4th DCA 1981) ("[A] defendant who fails to raise an available defense will be precluded from arguing its existence in a subsequent action, even where the later action involves a different cause of action.").

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: 6:14-cv-2009-GKS-TBS

    *ii.*     *Collateral estoppel bars Plaintiff's claims*

       Plaintiff alleges Defendant violated the FDCPA, FCCPA, and FCRA by proceeding with the foreclosure action despite Plaintiff's debt validation letter.[51] Plaintiff also contends Defendant failed to satisfy conditions precedent to bringing the foreclosure action.[52] Collateral estoppel bars Plaintiff's claims because a binding state court judgment has already determined that Defendant had the right to foreclose the mortgage. Under Florida law, collateral estoppel requires "that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction."[53] Further, to award a judgment in foreclosure, a court must determine that the foreclosing entity has complied with all conditions precedent in foreclosure.[54]

       By entering a judgment of foreclosure, the state court resolved the issue of whether Defendant had the right to initiate and maintain the foreclosure suit and whether the Defendant satisfied the conditions precedent to foreclosure. The Final Judgment of Foreclosure also resolved any dispute regarding the legitimacy of the debt. Additionally, there is no dispute over whether the parties are identical, or whether the Florida courts had jurisdiction over the foreclosure proceedings. Thus, Plaintiff is collaterally estopped from bringing the instant law suit.[55]

**D. EVEN IF PLAINTIFF'S CLAIMS WERE NOT BARRED BY THE APPLICABLE DOCTRINES, PLAINTIFF'S FDCPA, FCCPA, AND FCRA ACTIONS ARE BARRED BY THE STATUTE OF LIMITATIONS**

---

[51] *Compl.*, ¶ 21.
[52] *Compl.*, ¶ 22.
[53] *Dep't of Health & Rehab. Servs. v. B.J.M.*, 656 So. 2d 906, 910 (Fla. 1995); *Cmty. Bank v. Torcise*, 162 F.3d 1084, 1086 (11th Cir. 1998) (citing *Essenson v. Polo Club Assocs.*, 688 So. 2d 981, 983 (Fla. 2d DCA 1997)).
[54] *See Finnegan v. Deutsche Bank Nat'l Trust Co.*, 96 So. 3d 1093, 1094 (Fla. 4th DCA 2012).
[55] *Mohorne v. Beal Bank, S.S.B.*, 419 B.R. 488, 496-97 (S.D. Fla. 2009) (federal court finding that it "cannot revisit the state court's decision as to the foreclosed property under . . . collateral estoppel").

– 10 –

CASE NO.: 6:14-cv-2009-GKS-TBS

i.    *Plaintiff's FDCPA action is barred by the one-year statute of limitations*

An FDCPA action must be commenced within one year of the alleged violation pursuant to 15 U.S.C. § 1692k(d). Plaintiff alleges that Defendant failed to respond to a debt validation letter in March of 2010. Thus, Plaintiff should have initiated the instant FDCPA action by March 2011 to avoid a statute of limitations bar. This Court should dismiss Plaintiff's FDCPA action accordingly.

ii.   *Plaintiff has failed to state a cause of action under the FCCPA*

Under Section 559.77(4), an individual must commence an FCCPA action within two years of the alleged violation. Here, Defendant's FCCPA claim stems from Defendant's initiation of the foreclosure action in February of 2010 and Defendant's failure to validate the debt in March of 2010. The statute of limitations for the FCCPA claim began to run in March 2010 at the latest and expired in March 2012 at the latest. Thus, Plaintiff's FCCPA action must fail.

iii.  *Plaintiff's bankruptcy action did not toll the statute of limitations*

If the statute of limitations period for a non-bankruptcy law has not expired prior to the commencement of a bankruptcy action, the commencement of the bankruptcy action can toll the statute of limitations.[56] Plaintiff's bankruptcy action was initiated on September 25, 2013.[57] The statute of limitations periods for Plaintiff's FDCPA and FCCPA actions expired well before Plaintiff initiated the bankruptcy action. Plaintiff's FDCPA action expired in March 2011 at the latest, whereas Plaintiff's FCCPA action expired in March 2012. Therefore, Plaintiff's bankruptcy action did not toll the statute of limitations periods for Plaintiff's FCCPA and FDCPA actions, and these actions should be dismissed with prejudice.

---

[56]  11 U.S.C. § 108(a).
[57]  *See* bankruptcy docket attached hereto as Exhibit "D."

LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: 6:14-cv-2009-GKS-TBS

## E. FORECLOSING A MORTGAGE DOES NOT CONSTITUTE DEBT COLLECTION UNDER THE FDCPA OR FCCPA.

> i.    *Defendant's foreclosure action does not constitute debt collection under the FDCPA*

To the extent Plaintiff contends that the Defendant's action to enforce the mortgage through the mortgage foreclosure process constituted debt collection activity pursuant to the FDCPA, Count I should be dismissed.[58] In *Trent*, the Court found that:

> foreclosing on a mortgage 'is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing ... is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.[59]

Here, Plaintiff alleges that Defendant violated the FDCPA by proceeding with the foreclosure action despite Plaintiff's request for Defendant to validate the debt.[60] This Court should dismiss Plaintiff's FDCPA action because Defendant's action to foreclose on the mortgage cannot constitute the collection of a debt.

> ii.    *Defendant's foreclosure action does not constitute debt collection under the FCCPA*

Similar to the FDCPA, a mortgage foreclosure action itself does not qualify as "debt collection" under the FCCPA.[61]   Plaintiff's FCCPA claim stems from Defendant's alleged

---

[58] *See Trent v. Mortgage Electronic Registration Systems, Inc.*, 618 F. Supp. 2d 1356, 1360 (M.D. Fla. 2007), *aff'd* 288 Fed. Appx. 571, (11th Cir. 2008) (citing *Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458, 460 (11th Cir. 2009) ("the plain language of the FDCPA supports the district court's conclusion that foreclosing on a security interest is not debt collection activity for purposes of § 1692g.").
[59] *Id.*
[60] *Compl.*, ¶ 21.
[61] *Trent*, 618 F. Supp. 2d at 1361(The filing of a foreclosure lawsuit is not a debt collection activity under the FCCPA).

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: 6:14-cv-2009-GKS-TBS

collection of the debt via the foreclosure action.[62]  The FCCPA "is not meant to preclude a creditor or someone otherwise holding a secured interest from invoking a legal process to foreclose."[63] Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.[64]  Accordingly, Defendant did not participate in a debt collection activity as defined by the FCCPA by filing a mortgage foreclosure action. As such, this count must be dismissed.

### F.  PLAINTIFF CANNOT STATE A CAUSE OF ACTION UNDER FLA. STAT. § 559.715

Plaintiff alleges Defendant failed to satisfy Section 559.715 of the FCCPA, and thus, failed to satisfy a condition precedent to initiating the foreclosure action.[65]  Although an assignee of a debt must provide notice to a borrower under Section 559.715, compliance with Section 559.715 is not a condition precedent to filing a foreclosure action.[66]  Additionally, "[t]he FCCPA creates a civil remedy only for a violation of § 559.72."[67]  Therefore, Plaintiff cannot maintain a private right of action under Section 559.715 of the FCCPA.[68].

### III.  STANDARD OF REVIEW

A defendant who contends the plaintiff's claims are barred by the *Rooker-Feldman* doctrine may challenge the Court's subject matter jurisdiction under Rule 12(b)(1).[69]  Generally, Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move based on lack of

---

[62] *Compl.*, ¶¶ 35 and 45.
[63] *Id*. at 1362.
[64] *Id*.
[65] *Compl.*, ¶ 22.
[66] *U.S. Bank, N.A. v. Charlene Lord*, No. 12-7707-CI-07, 2014 WL 3674680, at *3 (Fla. 6th Cir. Ct. Jul. 10, 2014).
[67] *Thomas v. Commercial Recovery Sys.*, 2008 WL 5246296, *11-12 (M.D. Fla. Dec. 16, 2008).
[68] *Id*. at *11.
[69] *Chipman v. US Bank, N.A.*, 2012 U.S. Dist. LEXIS 45984, at *4-5 (M.D. Fla. Apr. 2, 2012).

LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: 6:14-cv-2009-GKS-TBS

subject matter jurisdiction by either a facial or factual attack.[70] Under a facial attack, the Court must look to the face of the complaint after assuming all allegations as true to see if the plaintiff has sufficiently pled the basis for jurisdiction.[71] A factual attack "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings."[72] The party bringing the suit bears the burden of establishing that the court has federal subject matter jurisdiction.[73]

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. To survive, a complaint must show "that the pleader is entitled to relief . . . to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[74] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," fail to state a plausible claim, because such allegations fail to show "more than a sheer possibility that a defendant has acted unlawfully."[75] As a result, "[a] complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face."[76] "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework they must be supported by factual allegations."[77]

## IV.   CONCLUSION

This Court should dismiss the Complaint because Plaintiff fails to satisfy the pleading

---

[70] *Stanley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).
[71] *Id.*
[72] *Id.* at 1233.
[73] *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).
[74] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[75] *Id.*
[76] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Aschcroft v. Iqbal*, 129 S. Ct. 1939, 1950 (2009); *Twombly*, 550 U.S. at 561-62, 570); *Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950).
[77] *Iqbal*, 556 U.S. at 664.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: 6:14-cv-2009-GKS-TBS

requirements of Rule 8 of the Federal Rules of Civil Procedure. Additionally, Plaintiff's Complaint fails to state a cause of action for reasons independent of Plaintiff's failure to satisfy Rule 8. First, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, *res judicata*, and collateral estoppel. Second, Plaintiff's FDCPA and FCCPA actions are time-barred. Third, the facts, even if taken as true, do not state a cause of action pursuant to the FDCPA or the FCCPA. Therefore, Plaintiff's Complaint should be dismissed with prejudice.

**WHEREFORE**, Defendant respectfully requests this Honorable Court to dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

 /s/ Ashlie N. Tarpley
ANDREW KEMP-GERSTEL
Florida Bar No. 0044332
E-mail: akg@lgplaw.com
ASHLIE N. TARPLEY
Florida Bar No. 100409
E-mail: ant@lgplaw.com
Attorneys for Defendant
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone:   (305) 379-0400
Fax:   (305) 379-9626

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of May, 2015, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

 /s/ Ashlie N. Tarpley
ASHLIE N. TARPLEY

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

**CASE NO.: 6:14-cv-2009-GKS-TBS**

Ronald Beauchamp
525 N. Halifax Ave., #3
Daytona Beach, FL 32118
Beauchampron@hotmail.com

Z:\645-15-HLI-2745\Pleadings & Orders (Working File)\M-to Dismiss (Beauchamp).docx

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400