UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:14-CV-2009-GKS-TBS

RONALD BEAUCHAMP
    *Plaintiff*,

vs

BANK OF AMERICA, NA; BAC HOME
LOANS SERVICING, L.P, F/K/A
COUNTRYWIDE HOME LOANS
SERVICING L.P; TRIPP SCOTT P.A.;
JACQUELINE COSTOYA; MATTHEW
H. SCOTT; JENNA PIOTROWSKI;
LAUREN E. DELL; AND JOHN M.
MULLIN
    *Defendants*.

_____/

**PLAINTIFF, RONALD BEAUCHAMP'S, OPPOSITION TO
DEFENDANTS JACQUELINE COSTOYA, MATTHEW H. SCOTT,
JENNA PIOTROWSKI, LAUREN E. DELL, AND JOHN M. MULLIN'S
MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF
LAW AND MOTION TO STRIKE VAGUE STATEMENTS IN COMPLAINT**

**COMES NOW**, Plaintiff RONALD BEAUCHAMP, by and through his undersigned attorney, and hereby submits his Opposition to Defendants Jacqueline Costoya, Matthew H. Scott, Jenna Piotrowski, Lauren E. Dell, And John M. Mullin's (collectively "Defendants") Motion To Dismiss And Incorporated Memorandum Of Law And Motion To Strike Vague Statements In Complaint and states as follows:

**I.  STATEMENT OF FACTS**

    The Complaint at issue was filed by Plaintiff on December 4, 2014.  The Complaint alleged violations by Defendant of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, of the Florida Consumer Collections Practices Act ("FCCPA"), FLA.STAT. § 559 and of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681.  At the time of the initial filing

Plaintiff was representing himself pro se. Defendants filed their Motion to Dismiss and Motion to Strike Vague Statements alleging the following: (1) Plaintiff's claim has been previously adjudicated; and (2) Plaintiff failed to plead sufficient factual predicate demonstrating entitlement to relief from these defendants. Plaintiff will address each allegation.

## I. ARGUMENT

### A. PLAINTIFF'S CLAIMS FALL OUTSIDE THE PURVIEW OF THE DOCTRINE OF RES JUDICATA

In its motion to dismiss BANA argues that Petitioner's complaint should be barred based on the doctrine of res judicata and colleral estoppel. For the doctrine of res judicata to apply "all four of the following conditions are present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of quality in persons for or against whom claim is made."[1] However, "the doctrine of res judicata does not require parties to file supplemental pleadings in order to state claims that arise after the original complaint is filed."[2] Furthermore, "for res judicata purposes, "claims that 'could have been brought' are claims in existence at the time the original complaint is filed or claims actually asserted by supplemental pleadings or otherwise in the earlier action."[3]

In the instant case, Plaintiff is not seeking the same relief as he did in the referenced foreclosure judgment. Instead Plaintiff seeks relief based on Defendant's alleged misconduct. The alleged misconduct had not fully occurred at the time the foreclosure case was filed and Plaintiff was not under a duty to file supplemental pleadings to the foreclosure. One example is that Defendants continued to contact Plaintiff after a request to cease. Plaintiff did not bring this action as an attempt to change the outcome of the foreclosure action and is not attempting to

---

[1] *Fla. Bar v. Rodrigues*, 959 So.2d 150, 158 (Fla. 2007).
[2] *De Souza v. JPMorgan Chase Home Lending Div.,* No. 14-14861 (11th Cir., 2015) citing *Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992).
[3] *Id.*

dispute the legitimacy of the debt or the information contained in a debt validation notice. Rather, Plaintiff's complaint deals only with the behavior on the part of Defendants in their continued collection efforts and how that behavior violated federal and state laws, behavior which took place after the filing of the original foreclosure. Therefore, the "identity of the thing sued for" is not the same as was at issue in the foreclosure case.

This same theory applies to "identity of the cause of action" exists because the facts underlying the state foreclosure judgment and the facts underlying this action are identical. Again, Plaintiff is not disputing the state foreclosure judgment but instead is arguing against Defendants' behavior. Based on the forgoing, Defendants' argument that all four required conditions of res judicata are present is incorrect and Defendants' motion to dismiss should be denied.

Under a similar argument as res judicata, collateral estoppel does not apply to the case at issue. Collateral estoppel is a judicial doctrine which in general terms prevents identical parties from relitigating the same issues that have already been decided.[4] The essential elements of the doctrine are that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction.[5] The claims that Plaintiff brings forth have not been fully litigated by any other court and the underlying theory behind the claims are not identical to those found in the foreclosure case. Because instant case does differ from the foreclosure case, Defendants' motion to dismiss should be denied.

---

[4] *Department of Health and Rehabilitative Services v. B.J.M.*, 656 So.2d 906 (Fla., 1995) citing *Mobil Oil Corp. v. Shevin*, 354 So.2d 372, 374 (Fla.1977).
[5] *Id.*

### B. PLAINTIFF'S COMPLAINT CONTAINS A SHORT AND PLAIN STATEMENT OF THE CLAIM

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief"[6] *Twombly* court stated that a "complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegation" but rather "…only enough facts to state a claim to relief that is plausible on its face."[7] While Plaintiff admits the Complaint is sprinkled with statutory language, Plaintiff provided sufficient facts to overcome the burden of a motion to dismiss. The complaint sets forth broad strokes of the alleged violations by Defendants. These allegations, at a minimum, state that Defendants communicated with Plaintiff, inaccurately characterizing a debt, and improperly collected a debt, in such a manner which is prohibited by the FDCPA and FCCPA. Furthermore, Plaintiff demonstrated that Defendants are a proper defendant (debt collector) as is outlined in the aforementioned statutes. These allegations alone should be enough to survive the burden established by *Twombly*.

Plaintiff contends that the complaint is not a shotgun pleading. One of the basic elements of a shot gun pleading is that a plaintiff re-alleges and incorporates all previous paragraphs into each count making a complaint confusing and difficult to answer. This is not how Plaintiff drafted his complaint. In each count of the complaint Plaintiff only includes previous allegations which contain the facts common to all counts as well as which defendants are included in each specific claim.

---

[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[7] *Id.* at 555, 557; *see also Friends of Lake View School District v. Beeb,* 578 F.3d, 753 (8th Cir. 2009) (stating a complaint must only include "sufficient actual allegations to provide the grounds on which the claim rests."); *Ashcroft v. Iqbal*, 129 W.Ct. 1937, 1059 (2009) (stating plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct.").

Furthermore, at the time of filing the complaint, Plaintiff was representing himself. It is well established that pleading filed by a pro se litigant "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[8]

If this Court should find not enough facts to survive the test set forth in *Twombly,* the Plaintiff requests he be given the opportunity to amend the Complaint. The proper remedy for a shotgun pleading is the alternative relief of a more definite statement under Rule 12(e), and not a motion to dismiss pursuant to Rule 12(b)(6) as sought here.[9] Should Plaintiff be given the opportunity to submit an amended complaint, he will expound on the factual allegations already set forth in the complaint.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a motion to dismiss will be granted if the plaintiff fails to state a claim upon which relief can be granted. In order to made this claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[10] A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct."[11] Plaintiff has met this burden.

## III. CONCLUSION

Plaintiff has sufficiently pleaded facts to comply with the standard set forth in Rule 8 of the Federal Rules of Civil Procedure. He has set forth a short and plain statement of the facts. Plaintiff's claims are not barred by collateral estoppel or the doctrine of res judicata. Plaintiff is seeking relief based upon different facts than were alleged in the foreclosure.

---

[8] *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir., 2003) citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998).
[9] *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th 1996).
[10] *Twombly at 570.*
[11] *Ashcroft v. Iqbal,* 129 W.Ct. 1937 (2009).

**WHEREFORE**, Plaintiff respectfully requests this Court enter an order denying Defendant's Motion to Dismiss. In the alternative, Plaintiff requests the Court to grant leave to amend the complaint and any further relief this Court deems just and proper.

Dated this 17th day of June, 2015.

/s/ Shimene Shepard-Ryan
Shimene Shepard-Ryan, Esq.
112 Orange Ave., Ste 202
Daytona Beach, FL 32114
Tel.: (386) 265-5945
Fax: (386) 675-1445
Fla. Bar No.: 0036488

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of June, 2015, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Shimene Shepard-Ryan
Shimene Shepard-Ryan, Esq.