UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:14-CV-2009-GKS-TBS

RONALD BEAUCHAMP
     *Plaintiff*,

vs

BANK OF AMERICA, NA; BAC HOME
LOANS SERVICING, L.P, F/K/A
COUNTRYWIDE HOME LOANS
SERVICING L.P; TRIPP SCOTT P.A.;
JACQUELINE COSTOYA; MATTHEW
H. SCOTT; JENNA PIOTROWSKI;
LAUREN E. DELL; AND JOHN M.
MULLIN
     *Defendants*.

_____/

PLAINTIFF, RONALD BEAUCHAMP'S, OPPOSITION
TO BANK OF AMERICA, N.A'S MOTION TO DISMISS THE COMPLAINT

**COMES NOW**, Plaintiff RONALD BEAUCHAMP, by and through his undersigned attorney, and hereby submits his Opposition to Defendant BANK OF AMERICA, N.A. as successor by merger to BAC HOME LOANS SERVICING L.P., F/K/A COUNTRYWIDE HOME LOANS SERVICING, L.P., Motion to Dismiss the Complaint and Incorporated Memorandum of Law, and states as follows:

## I.  STATEMENT OF FACTS

The Complaint at issue was filed by Plaintiff on December 4, 2014.  The Complaint alleged violations by Defendant of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, of the Florida Consumer Collections Practices Act ("FCCPA"), FLA.STAT. § 559 and of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681.  At the time of the initial filing Plaintiff was representing himself pro se.  Defendant, Bank of America, N.A. ("BANA") filed its

1

Motion to Dismiss alleging the following: (1) Plaintiff failed to satisfy the requirement of Rule 8 of the Federal Rules of Civil Procedure; (2) Plaintiff's claims are barred by the Rooker-Feldman Doctrine; (3) Plaintiff's claims are barred by collateral estoppel and the doctrine of res judicata; (4) Plaintiff's claims are barred by the statute of limitations; (5) foreclosing a mortgage does not constitute debt collection; and (5) Plaintiff cannot state a cause of action under Fla. Stat. § 559.715.   Plaintiff will address each allegation.

## II. ARGUMENT

### A.  PLAINTIFF'S COMPLAINT CONTAINS A SHORT AND PLAIN STATEMENT OF THE CLAIM

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief"[1] *Twombly* court stated that a "complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegation" but rather "…only enough facts to state a claim to relief that is plausible on its face."[2] While Plaintiff admits the Complaint is sprinkled with statutory language, Plaintiff provided sufficient facts to overcome the burden of a motion to dismiss.  The complaint sets forth broad strokes of the alleged violations by BANA.  These allegations, at a minimum, state that BANA communicated with Plaintiff, inaccurately characterizing a debt, and improperly collected a debt, in such a manner which is prohibited by the FDCPA and FCCPA.  Plaintiff additionally alleged that BANA violated and continues to violate FCRA by inaccurately reporting information regarding Plaintiff.  Furthermore, Plaintiff demonstrated that BANA is a proper defendant (debt

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[2] *Id.* at 555, 557; *see also Friends of Lake View School District v. Beeb,* 578 F.3d, 753 (8th Cir. 2009) (stating a complaint must only include "sufficient actual allegations to provide the grounds on which the claim rests."); *Ashcroft v. Iqbal*, 129 W.Ct. 1937, 1059 (2009) (stating plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct.").

collector) as is outlined in the aforementioned statutes.  These allegations alone should be enough to survive the burden established by *Twombly*.

Plaintiff contends that the complaint is not a shotgun pleading.  One of the basic elements of a shot gun pleading is that a plaintiff re-alleges and incorporates all previous paragraphs into each count making a complaint confusing and difficult to answer.  This is not how Plaintiff drafted his complaint.  In each count of the complaint Plaintiff only includes previous allegations which contain the facts common to all counts as well as which defendants are included in each specific claim.

Furthermore, at the time of filing the complaint, Plaintiff was representing himself.  It is well established that pleading filed by a pro se litigant "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[3]

If this Court should find not enough facts to survive the test set forth in *Twombly,* the Plaintiff requests he be given the opportunity to amend the Complaint.  The proper remedy for a shotgun pleading is the alternative relief of a more definite statement under Rule 12(e), and not a motion to dismiss pursuant to Rule 12(b)(6) as sought here.[4]  Should Plaintiff be given the opportunity to submit an amended complaint, he will expound on the factual allegations already set forth in the complaint.

**B.  THE ROOKER-FELDMAN DOCTRINE IS NOT APPLICABLE TO PLAINTIFF'S ACTION**

BANA misinterprets the purpose behind Plaintiff's complaint.  The *Rooker-Feldman* doctrine "is a narrow [one], confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

---

[3] *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir., 2003) citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998).
[4] *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th 1996).

commenced and inviting district court review and rejection of those judgments."'[5]   In *Tenore,*

after analyzing the case under *Parker v. Potter*, 368 F. App'x 945, 948 (11th Cir. 2010), the court

stated "for example, a federal court could hear a plaintiff's claim based on an allegation "that the

defendants knew of certain defects in the mortgage documents that would have barred their

foreclosing on his property but continued with the foreclosure action for their 'own personal

gain,'"[6] The *Tenure* court ruled that "in such a case, the plaintiff is not barred by the *Rooker-*

*Feldman* doctrine because "a challenge to the defendants' conduct in state proceedings does not

necessarily seek appellate review and reversal of the state court judgment."'[7]

   The facts in *Tenure* are similar to the instant case.  While it is true Plaintiff references the

state court foreclosure in his complaint, he is not challenging the procedure or outcome of the

foreclosure.  Plaintiff is not asking this Court to re-evaluate events that took place at the state

court and appellate level in reference to a foreclosure.  Rather, Plaintiff bases his complaint on

the specific behavior of BANA.  Contrary to BANA's argument, by applying *Tenure,* Plaintiff's

complaint is not barred by the *Rooker-Feldman* doctrine.   Plaintiff is seeking a separate claim

based only on the misconduct of BANA during the foreclosure proceedings and is not

challenging the foreclosure judgment, how the state court arrived at its decision in the

foreclosure action, nor asking this court to un-do the foreclosure.  By granting the requested

relief under FDCPA, FCCPA, or FCRA, this court would not be nullifying the foreclosure and it

would not be implying that the state court wrongly decided the issues in that case.

## C.  PLAINTIFF'S CLAIMS FALL OUTSIDE THE PURVIEW OF COLLATERAL ESTOPPEL AND DOCTRINE OF RES JUDICATA

---

[5] *Tenore v LaSalle Bank, N.A.*, SD 2015) quoting *Lance v. Dennis*, 546 U.S. 459, 464, (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 2544 U.S. 280, 284 (2005)).
[6] *Id.* referencing  *Kohler v. Garlets*, 578 Fed. App'x 862, 864 (11th Cir. 2014).
[7] *Id.* citing *Kohler v. Garlets*, 578 Fed. App'x 862, 864 (11th Cir. 2014).

In its motion to dismiss BANA argues that Petitioner's complaint should be barred based on the doctrine of res judicata and colleral estoppel.  For the doctrine of res judicata to apply "all four of the following conditions are present:  (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of quality in persons for or against whom claim is made."[8]  However, "the doctrine of res judicata does not require parties to file supplemental pleadings in order to state claims that arise after the original complaint is filed." [9]  Furthermore, "for res judicata purposes, "claims that 'could have been brought' are claims in existence at the time the original complaint is filed or claims actually asserted by supplemental pleadings or otherwise in the earlier action."[10]

In the instant case, Plaintiff is not seeking the same relief as he did in the referenced foreclosure judgment.  Instead Plaintiff seeks relief based on BANA's alleged misconduct.  The alleged misconduct had not occurred at the time the foreclosure case was filed and Plaintiff was not under a duty to file supplemental pleadings to the foreclosure.  One example is that BANA continues to perpetuate the misconduct by incorrectly reporting information regarding Petitioner to the credit agencies.  Plaintiff did not bring this action as an attempt to change the outcome of the foreclosure action and is not attempting to dispute the legitimacy of the debt or the information contained in a debt validation notice.  Rather, Plaintiff's complaint deals only with the behavior on the part of BANA in their continued collection efforts and how that behavior violated federal and state laws, behavior which took place after the filing of the original foreclosure.  Therefore, the "identity of the thing sued for" is not the same as was at issue in the foreclosure case.

---

[8] *Fla. Bar v. Rodrigues*, 959 So.2d 150, 158 (Fla. 2007).
[9] *De Souza v. JPMorgan Chase Home Lending Div.,* No. 14-14861 (11th Cir., 2015) citing *Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992).
[10] *Id.*

This same theory applies to BANA's argument that the "identity of the cause of action" exists because the facts underlying the state foreclosure judgment and the facts underlying this action are identical.  Again, Plaintiff is not disputing the state foreclosure judgment but instead is arguing against BANA's behavior.  Based on the forgoing, BANA's argument that all four required conditions of res judicata are present is incorrect and BANA's motion to dismiss should be denied.

Under a similar argument as res judicata, collateral estoppel does not apply to the case at issue.  Collateral estoppel is a judicial doctrine which in general terms prevents identical parties from relitigating the same issues that have already been decided.[11]  The essential elements of the doctrine are that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction.[12]  The claims that Plaintiff brings forth have not been fully litigated by any other court and the underlying theory behind the claims are not identical to those found in the foreclosure case.  Because instant case does differ from the foreclosure case, BANA's motion to dismiss should be denied.

### D.  ALL COUNTS IN PLAINTIFF'S COMPLAINT FALL WITHIN THE REQUISITE STATUTE OF LIMITATIONS UNDER THE FDCPA, FCCPA AND FCRA

### 1.  *Plaintiff's claims are not barred under FDCPA*

BANA argues that any claim Plaintiff had under FDCPA should have been brought by March, 2011.[13]  The FDCPA requires an action be brought within one year of the alleged

---

[11] *Department of Health and Rehabilitative Services v. B.J.M.*, 656 So.2d 906 (Fla., 1995) citing *Mobil Oil Corp. v. Shevin*, 354 So.2d 372, 374 (Fla.1977).
[12] *Id.*
[13] Def's Motion to Dismiss p. 11

violation.[14]  In his complaint, Plaintiff clearly states that "Defendant's violations include, but are not limited to, the following."[15]  Plaintiff intends to show there were further violations by BANA outside of the March, 2010 debt validation letter, referenced in the motion to dismiss, therefore extending the statute of limitations bar date.  Specifically, Plaintiff contends that BANA's behavior in violation of the statute continued up and until August, 2014.   Plaintiff requested that BANA not contact him regarding the debt.  Despite this request, and in violation of the FDCPA, BANA continued to contact Plaintiff until August, 2014.  Plaintiff filed his complaint in September, 2014 well within the one year statute of limitations.

### 2.  *Plaintiff's claims are not barred under FCCPA*

Similarly to the FCCPA count, BANA argues that Plaintiff's claim is outside the statue of limitations and any claims should have been brought by March, 2012.  FCCPA allows for alleged violations to be brought within two years.[16]  Plaintiff's claim for FCCPA violations did not expire in March, 2012.  As with the FDCPA claims, Plaintiff intends to demonstrate that BANA continued to violate the statute up and until August, 2014.  BANA continued to publish information regarding Plaintiff's alleged debt after receiving a specific request to cease.  Plaintiff filed his complaint in September, 2014 well within the statute of limitations.

### 3.  *Plaintiff's FCRA claim's are within the statute of limitations*

While not addressed in BANA's motion to dismiss, it should be noted that statute of limitations has not run on Plaintiff's claims for violation of the FCRA.  Plaintiff argues that BANA continues to report information to the credit agencies without following proper procedure as set forth in the FCRA.

---

[14] 15 U.S.C. § 1692k(d).
[15] *Compl.* ¶ 33.
[16] 15 U.S.C. § 559.77.

*4. Plaintiff's bankruptcy has no affect on the statute of limitations*

The 2013 bankruptcy of Plaintiff is immaterial in regards to BANA's argument of the statute of limitations time frame.  The FDCPA, FCCPA, and FCRA claims extend beyond the bankruptcy discharge date.

## E.  BANA PARTICIPATED IN DEBT COLLECTION

*1. FDCPA*

BANA places the bulk of its argument in the holding of *Trent*.[17]  However, *Trent* only applies to the foreclosure action and the security interest held by BANA.   In *Reese* the Eleventh Circuit delineated the difference between a promissory note and a security interest, and found that a promissory note is a debt within the plain language of the FDCPA.[18]  "Federal and Florida courts have found civil lawsuits seeking the collection of a promissory note and foreclosure of a mortgage constitute a debt collection activity for FDCPA purposes."[19]  A recent decision out of the Second Circuit, *Gann*, adopted that "[a] communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A debt is still a 'debt' even if it is secured."[20]   In the instant case, the foreclosure action instituted by BANA sought, not only for foreclose on the property, but also to collect on the promissory note.  Therefore the conduct on the part of BANA does constitute debt collection.

---

[17] *Trent v. Mortgage Electronic Registration Systems, Inc.,* 618 F.Supp.2d 1356 (M.D.Fla.2007), *aff'd,*288 Fed.Appx. 571 (11th Cir.2008).
[18] *Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1214 (11th Cir.2012).
[19] *Friere v. Aldrige Connors, LLP*, 994 F. Supp. 2d 1284, 1287 (S.D. Fla. 2014). ("Because the foreclosure complaint sought to enforce a promissory note, not solely to enforce a mortgage, and because the foreclosure complaint sought a deficiency judgment, a judgment for an amount beyond the collateral, Defendant sought to collect a debt, and therefore Plaintiffs were the object of debt collection activity.") see also *Roban v. Marinosci Law Group*, 34 F. Supp. 3d 1252, 1254 (S.D. Fla. 2014) ("A mortgage foreclosure action that seeks payment on the underling promissory note is debt collection for the purposes of FDCPA.")
[20] *Gann v. Home Loans Servicing LP, n/k/a Bank of America, N.A.*, 145 So.3d 906 (Fla. 2d DCA 2014).

2.  FCCPA

Again, BANA relies upon *Trent* in its argument that a foreclosure action does not represent debt collection under the FCCPA.  However as previously argued, a recent opinion from the second circuit determined otherwise.[21]  In *Gann* the court rejected the lender's argument that any presuit letters were not an "attempt to collect on the underlying debt and only were attempts to enforce the Bank's security instrument."[22]  The court determined that the lender's activities were considered debt collection under FCCPA.  Based upon the ruling in *Gann*, BANA's motion to dismiss must fail.  The foreclosure action did constitute a debt collection.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a motion to dismiss will be granted if the plaintiff fails to state a claim upon which relief can be granted.  In order to made this claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[23]  A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct."[24]  Additionally, the complaint's allegations "must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party."[25]  Plaintiff has met this burden.

## III. CONCLUSION

Plaintiff has sufficiently pleaded facts to comply with the standard set forth in Rule 8 of the Federal Rules of Civil Procedure.  The *Rooker-Feldman* doctrine does not apply to the set of

---

[21] *Gann* at 908-9.
[22] *Id.*
[23] *Twombly* at 570.
[24] *Ashcroft v. Iqbal*, 129 W.Ct. 1937 (2009).
[25] *Gann* at 908.

facts in this case.  The Plaintiff is not challenging the foreclosure judgment but instead is seeking

relief based upon BANA's misconduct.  Similarly, Plaintiff's claims are not barred by collateral

estoppel or the doctrine of res judicata.  Plaintiff is seeking relief based upon different facts than

were alleged in the foreclosure.  Plaintiff's claims under the FDCPA and FCCPA s are not barred

by the statute of limitations.  BANA's behavior at issue continued through the foreclosure

proceeding up until August, 2014.  Finally, Plaintiff has demonstrated that foreclosing on a

mortgage does constitute debt collection and Plaintiff has a cause of action under FCCPA.

WHEREFORE, Plaintiff respectfully requests this Court enter an order denying Defendant's

Motion to Dismiss.  In the alternative, Plaintiff requests the Court to grant leave to amend the

complaint and any further relief this Court deems just and proper.

Dated this 17th day of June, 2015.

/s/ Shimene Shepard-Ryan
Shimene Shepard-Ryan, Esq.
112 Orange Ave., Ste 202
Daytona Beach, FL 32114
Tel.: (386) 265-5945
Fax: (386) 675-1445
Fla. Bar No.: 0036488

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of June, 2015, I electronically caused

the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that

the foregoing document is being served this day on all counsel of record in the manner specified

via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Shimene Shepard-Ryan
Shimene Shepard-Ryan, Esq.