# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RONALD BEAUCHAMP,

    Plaintiff,

v.                                   Case No: 6:14-cv-2009-Orl-18TBS

BANK OF AMERICA, NA, BAC HOME
LOANS SERVICING, L.P.,
JACQUELINE COSTOYA, MATTHEW
H. SCOTT, JENNA PIOTROWSKI,
LAUREN E. DELL and JOHN M.
MULLIN,

    Defendants.

---

# ORDER

THIS CAUSE comes for consideration on the following:

1. Defendants Jacqueline Costoya ("Costoya"), Matthew H. Scott ("Scott"), Jenna Piotrowski ("Piotrowski"), Lauren E. Dell ("Dell"), and John M. Mullin's ("Mullin") (collectively, "Attorney Defendants") Motion to Dismiss and Motion to Strike Vague Statements in Complaint (Doc. 25), to which Plaintiff Ronald Beauchamp filed a response in opposition (Doc. 63).

2. Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss (Doc. 57), to which Plaintiff Ronald Beauchamp filed a response in opposition (Doc. 64).

## I. BACKGROUND

Beauchamp brings his complaint against eight (8) defendants (collectively, the "Defendants") for their purported violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), section 559.55, *et seq.*, Florida Statutes, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.

Beauchamp avers that he "was served with a law suit [sic] demanding payment on some unknown account" on February 10, 2010 by Defendant BAC Home Loans Servicing, L.P. ("BAC") by and through BAC's counsel. (Doc. 1 ¶ 15.) The lawsuit Beauchamp references is a state court foreclosure action (the "State Foreclosure Case") filed by BAC on Beauchamp's property located at 37 South Oleander Avenue in Daytona Beach, Florida (the "Subject Property"). (*See* Doc. 1-2; Doc. 1-3.) Beauchamp disputes the debt (the "Debt") that BAC alleges he owed on the Subject Property that purportedly led BAC to file the State Foreclosure Case. (*See* Doc. 1-2 at 2.) Beauchamp states that "a Cease and Desist, Dispute and Debt Validation letter was served upon [BAC] and [BAC'S] counsel on March 17, 2010." (Doc. 1 ¶ 16.) Beauchamp further alleges that he subsequently sent a dispute letter to Experian, Equifax, and TransUnion. (*Id.* ¶ 17.) Additionally, on or about August 30, 2011, Beauchamp avers that he "filed a Notice of Dispute with the [state] [c]ourt pursuant to 15 U[.]S[.]C. § 1692g(b)." (*Id.* ¶ 18.) In response, BAC purportedly sent "documents that can be found and copied from the public records and documents and statements that [Beauchamp] did not recognize" to Beauchamp on or about November 15, 2011. (*Id.* ¶ 20.) Beauchamp argues that said efforts were a failed attempt to validate the Debt and that Defendants "knowingly violated [f]ederal and [s]tate law by continuing to attempt to collect [the Debt] prior to validation and verification." (*Id.* ¶¶ 20, 21.)

On December 4, 2014, Beauchamp filed his three-count complaint (the "Complaint") against Defendants in this Court. (Doc. 1.) In Count I, Beauchamp avers that Defendants violated the FDCPA, specifically sections 1692c(c), 1692e(2), 1692f(1), and 1692g(b). In Count II, Beauchamp alleges that Defendants violated the FCCPA, specifically section 559.72(6) and section 559.72(9). In Count III, Beauchamp purports to state a claim against BANA for violating the FCRA. The Attorney Defendants now request dismissal of the Complaint pursuant to Rules

8(a), 12(b), and 12(e) of the Federal Rules of Civil Procedure. (Doc. 35 at 1.) Alternatively, the Attorney Defendants ask the Court to strike Beauchamp's reference to "Defendants" in Count III. (*Id.* at 6.) BANA requests dismissal of the Complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 57 at 1.)

## II. LEGAL STANDARD

A properly plead complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept the factual allegations in the complaint as true and must then determine whether the allegations "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Evaluation of a complaint requires a two-step inquiry: "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although the pleading standard set forth in Rule 8 does not require in depth factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 570). Dismissal of an action is appropriate "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. Also, "[w]hile the pleadings of pro se litigants are 'liberally construed,' *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citing *McNeil v. United States*, 508

U.S. 106, 113 (1993)). The Court is under no obligation to rewrite a pleading for a pro se party. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (citing *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993)).

Additionally, Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague and ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). When considering a motion for a more definite statement, a court looks to whether a complaint satisfies the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure. *E-Z Pack Mfg., LLC v. RDK Truck Sales & Serv., Inc.*, No. 8:10-cv-1870-T-27AEP, 2011 WL 4343790, at *10 (M.D. Fla. Aug. 10, 2011), *adopted*, 2011 WL 3841631, at *1 (M.D. Fla. Aug. 30, 2011). "A pleading that satisfies the notice pleading standards of Rule 8 is [] sufficient to survive a Rule 12(e) motion for a more definite statement."

Further, evaluation of a motion to dismiss made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is typically limited to the "face of the complaint and the attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997). However, a court may consider extraneous materials without converting a motion to dismiss into a motion for summary judgment if the material is "(1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). "In this context, 'undisputed' means that the authenticity of the document is

not challenged." *Id.* (citing *Horsley*, 304 F.3d at 1134).

Beauchamp attached two documents, one titled "Notice of Dispute" and one titled "Notice of Lis Pendens – Cease and Desist" as exhibits to the Complaint and referenced these documents in the Complaint. (*See* Doc. 1-2; Doc. 1-3.) BANA attached the Final Judgment of Foreclosure entered in the State Foreclosure Case, the Order Granting the Motion for Relief from Stay entered by the United States Bankruptcy Court in and for the Middle District of Florida, the decision of the Fifth District Court of Appeal of Florida affirming the State Foreclosure Case, and a copy of the electronic docket for a bankruptcy case that Beauchamp filed. (*See* Doc. 57-1; Doc. 57-2; Doc. 57-3; Doc. 57-4.) The Court is persuaded that the aforementioned documents are central, undisputed, and otherwise appropriate to consider for purposes of determining whether the Complaint should be dismissed. Accordingly, the Court considers these documents in its evaluation of the Complaint.

### III. ANALYSIS

In Count I of the Complaint, Beauchamp alleges that Defendants violated § 1692c(c), § 1692e(2), § 1692f(1), and § 1692g(b) of the FDCPA. (Doc. 1 ¶ 34.) In support of his FDCPA claims, Beauchamp avers that, after the State Foreclosure Case was initiated, Defendants continued to communicate with Beauchamp despite Beauchamp's request that they cease such communications. (*Id.*) Beauchamp also alleges that Defendants falsely misrepresented the character, amount, and legal status of a debt, collected amounts that were not authorized by an agreement between Beauchamp and Defendants, and that Defendants continued debt collection activity despite having notice that Beauchamp disputed the debt. (*Id.*) In Count II of the Complaint, Beauchamp attempts to bring claims against Defendants for their purported violations

of sections 559.72(6) and 559.72(9) of the FCCPA.[1] (Doc. 1 ¶ 45.) As grounds therefore, Beauchamp states that Defendants "disclos[ed] information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact[]" in violation of section 559.72(6). (*Id.*) Additionally, Beauchamp avers that Defendants "claim[ed], attempt[ed] or threaten[ed] to enforce a debt when [Defendants knew] that the debt [was] not legitimate" in violation of section 559.72(9). (*Id.*) In Count III of the Complaint, Beauchamp avers that BANA violated various subsections of § 1681s-2(b) of the FCRA by reporting information about debt Beauchamp purportedly owed to various credit reporting agencies despite knowing the debt was in dispute, failing to investigate said dispute, and failing to request that reporting agencies delete inaccurate information about the debt. (*Id.* ¶ 53.)

The Attorney Defendants argue that dismissal of Beauchamp's claims is appropriate because the relevant issues raised in the Complaint have been previously adjudicated on the merits by competent courts. (Doc. 35 at 8.) The Attorney Defendants also aver that Beauchamp fails to include sufficient factual allegations in the Complaint, including but not limited to failing to aver sufficient facts to support a finding that the Attorney Defendants are "debt collectors," to state a plausible claim under the FDCPA or the FCCPA. (*Id.*) Similarly, BANA argues that Beauchamp's claims are barred by the *Rooker-Feldman*[2] doctrine, collateral estoppel, and res judicata. (Doc. 57 at 5, 7.) BANA also avers that Beauchamp filed a shotgun pleading that fails to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. (*Id.* at 3-4.) BANA further alleges that Beauchamp's claims are barred by the statute of limitations, that foreclosure of a mortgage does not constitute debt collection under the FDCPA or FCCPA, and

---

[1] In the "Factual Allegations" section of the Complaint, Beauchamp also states that Defendants violated section 559.715 of the FCCPA and thus failed to satisfy a condition precedent prior to bringing the State Foreclosure Case against Beauchamp. (*See id.* ¶ 22.)
[2] *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1921).

that Beauchamp fails to state a cause of action under section 559.715 of the Florida Statutes. (*Id.* at 13.)

*A. Claims Barred by the Rooker-Feldman Doctrine, Collateral Estoppel, and Res Judicata*

The *Rooker-Feldman* doctrine is "grounded on federalism, comity and the premise that state courts are not inferior to federal courts." *Termarsch v. Argent Mortg. Co., LLC*, No. 8:07-CV-1725-T-30TBM, 2008 WL 1776592, at *3 (M.D. Fla. Apr. 16, 2008) (citation and internal quotation marks omitted). Essentially, the *Rooker-Feldman* doctrine prevents "'lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments.'" *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). "Under the *Rooker-Feldman* abstention doctrine, '[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision.'" *Velardo v. Fremont Inv. & Loan*, 298 F. App'x 890, 892 (11th Cir. 2008) (quoting *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997)). The *Rooker-Feldman* doctrine applies when:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court *or* was inextricably intertwined with the state court's judgment.

*Parker*, 368 F. App'x at 948 (quoting *Storck v. City of Coral Springs*, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003) (emphasis in original)). A federal claim is "inextricably intertwined" with a previously rendered state-court judgment: "(1) where the success of the federal claim would 'effectively nullify' the state-court judgment; and (2) where the federal claim 'succeeds only to the extent that the state wrongly decided the issues.'" *Springer v. Perryman*, 401 F. App'x 457, 458 (11th Cir. 2010) (citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)). However, a federal claim is not "inextricably intertwined" with the state-court judgment if the party did not

have a "reasonable opportunity to raise his federal claim in state proceedings." *Casale*, 558 F.3d at 1260.

Indisputably, BAC and Beauchamp were parties in the State Foreclosure Case concerning the Subject Property and Debt, and the Seventh Judicial Circuit Court in and for Volusia County, Florida entered its Final Judgment of Foreclosure in said case in August 2013. (*See* Doc. 57-1.) During the pendency of the State Foreclosure Case, Beauchamp had opportunities to raise his arguments regarding the validity of the Debt, in addition to other concerns regarding the Subject Property and the Debt. *See McLean v. JP Morgan Chase Bank Nat. Ass'n*, 79 So. 3d 170, 172 (Fla. 4th DCA 2012); *see also Mair v. Wells Fargo Bank NA*, No 13-24265-Civ, 2014 WL 1328405, at *3 (S.D. Fla. Mar. 28, 2014) (finding that the *Rooker-Feldman* doctrine barred plaintiff's request for a declaratory judgment from the federal district court that defendants lack standing in pending state court foreclosure suit, as the state court will necessarily address and resolve standing issues in the pending state court proceeding). Beauchamp's claims in the instant case appear to be largely "inextricably intertwined" with the previously rendered state-court foreclosure judgment. *See Velardo*, 298 F. App'x at 892 (noting that, in analyzing *Rooker-Feldman* questions, "the court focuses on the federal claim's relationship to the issues involved in the state court proceeding, instead of on the type of relief sought by the plaintiff"); *see also Figueroa*, 766 F. Supp. 2d at 1324 ("But by entering judgments of foreclosure, the Florida state courts determined the foreclosures were proper. These state courts exercised their authority over state law and found the foreclosing parties satisfied Florida's procedural safeguards."). In light of the Final Judgment of Foreclosure issued by the Volusia Circuit Court, the Court lacks subject matter jurisdiction to consider Beauchamp's claims concerning the validity of the Debt. *See Aboyade-Cole Bey v. BankAtlantic*, No. 6:09-cv-1572, 2010 WL 3069102, at *2 (M.D. Fla. Aug.

2, 2010) (finding that plaintiff's case was, "at its core," an attempt to appeal the state court decision permitting foreclose of mortgage on plaintiff's home, and holding that the court did not have subject matter jurisdiction to hear plaintiff's case under the *Rooker-Feldman* doctrine).

Further, pursuant to the doctrine of res judicata, matters that were decided in a prior proceeding may not be re-litigated via a subsequent action filed by the same plaintiff. *See Hay v. Salisbury*, 92 Fla. 446 (Fla. 1926) ("Principle on which doctrine of res judicata rests is that when right or fact has been tried and determined by court of competent jurisdiction, or opportunity for such trial has been given, judgment, so long as unreversed, should be conclusive on parties and their privies."); *see also Beepot v. J.P. Morgan Chase Nat. Corporate Servs., Inc.*, 57 F. Supp. 3d 1358, 1372 (M.D. Fla. 2014) (prior state court foreclosure action barred mortgagors' claims against wholly-owned subsidiary of mortgagee under res judicata). Based on principles of res judicata, parties are prevented from reasserting claims in a new action that are identical to claims actually asserted in a previous action, as well as claims that "might with propriety have been litigated and determined in that action." *Kimbrell v. Paige*, 488 So. 2d 1009, 1012 (Fla. 1984) (quoting *Wade v. Clower*, 94 Fla. 817 (1927)); *see Engle v. Liggett Group, Inc.*, 945 So. 2d 1246, 1259 (Fla. 2006) ("The foundation of *res judicata* is that a final judgment in a court of competent jurisdiction is absolute and settles all issues actually litigated in a proceeding as well as those issues that could have been litigated."); *see also Wise v. Tucker*, 399 So. 2d 500, 501 (Fla. 4th DCA 1981) ("[A] defendant who fails to raise an available defense will be precluded from arguing its existence in a subsequent action, even where the later action involves a different cause of action."). Additionally, "[c]ollateral estoppel is a judicial doctrine which in general terms prevents identical parties from relitigating the same issues that have already been decided." *Dep't of Health & Rehab. Servs. v. B.J.M.*, 656 So. 2d 906, 910 (Fla. 1995) (citing *Mobil Oil Corp. v. Shevin*, 354

So.2d 372, 374 (Fla. 1977). Collateral estoppel requires "that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction." *Id.*; *accord Cmty. Bank of Homestead v. Torcise*, 162 F.3d 1084, 1086 (11th Cir. 1998) (citing *Essenson v. Polo Club Asocs.*, 688 So. 2d 981, 983 (Fla. 2d DCA 1997)).

Beauchamp argues that he "is not seeking the same relief as he did in the referenced foreclosure judgment[,]" and that "he is not challenging the procedure or outcome of the foreclosure." (Doc. 63 at 3; Doc. 64 at 4.) However, the factual allegations that Beauchamp presents in support of his claims in the Complaint largely revolve around Defendants' efforts to collect a debt that Beauchamp disputes. The only debt delineated in the Complaint is the Subject Debt, and the validity of the Subject Debt and the efforts used to collect the Subject Debt are mostly issues that were, or should have been, litigated and decided upon in the State Foreclosure Case. Beauchamp's blanket allegation that his claims fall outside of the purview of the *Rooker-Feldman* doctrine, collateral estoppel, and/or res judicata is unavailing.

*B. Additional Arguments for Dismissal of Claims*

In Count I, Beauchamp avers that Defendants violated the FDCPA; however, Beauchamp fails to provide factual allegations as to Defendants' individual roles in the purported violations of the FDCPA. Also, although Beauchamp alleges that each Defendant "is a debt collector within the meaning of the FDCPA, § 1692a(6)[,]" Beauchamp fails to assert sufficient facts to support a finding that the Defendants qualify as "debt collectors" for purposes of liability under the FDCPA. (*See id.* ¶¶ 26-33.) Similarly, in Count II, although Beauchamp alleges that each Defendant violated the FCCPA and "is a debt collector within the meaning of the FCCPA, Fla. Stat. § 559.55(6)[,]" Beauchamp fails to provide sufficient factual allegations to support his assertions.

(*See id.* ¶¶ 37-44.) Throughout the Complaint, Beauchamp fails to specifically and adequately allege actions or inactions taken by the Defendants, individually, that may constitute violations of the FDCPA or the FCCPA. Rather, the allegations set forth in Count I and Count II collectively refer to the Defendants as though they operated as a single entity to violate the FDCPA and FCCPA. (*See id.* ¶¶ 33, 45.) Also, although Beauchamp names BANA in Count III as the Defendant that violated the FCRA, the allegations in Count III, like those in Count I and Count II, are otherwise vague and conclusory. Thus, the Complaint is due to be dismissed for failure to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

*C. Dismissal of Claims with Prejudice*

Beauchamp fails to allege sufficient facts to plausibly support his claims in the Complaint, and Beauchamp's legal theories are without merit. As no construction of the facts giving rise to this case would support the aforementioned claims, granting Beauchamp leave to amend would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."). Therefore, the Court will dismiss Beauchamp's Complaint with prejudice. *See Lane v. Guar. Bank*, 552 F. App'x 934, 936-37 (11th Cir. 2014) (affirming this Court's dismissal with prejudice of plaintiffs' complaint because granting plaintiffs leave to amend would have been futile).

Accepting Beauchamp's factual allegations as true and making all reasonable inferences in Beauchamp's favor, the Court concludes that Beauchamp has failed to sufficiently allege facts that plausibly establish that the Defendants may be held liable for violations of the FDCPA, FCCPA, or FCRA. Beauchamp's claims against the Defendants will thus be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants Jaqueline Costoya, Matthew H. Scott, Jenna Piotrowski, Lauren E. Dell, and John M. Mullins' Motion to Dismiss and Motion to Strike Vague Statements in Complaint (Doc. 35) is **GRANTED in part** and **DENIED in part**. Specifically, the Motion to Dismiss is **GRANTED**, and the Motion to Strike is **DENIED as moot**.

2. Defendant Bank of America, N.A.'s Motion to Dismiss (Doc. 57) is **GRANTED**.

3. Plaintiff Ronald Beauchamp's Complaint (Doc. 1) is **DISMISSED with prejudice**.

4. The Clerk of the Court is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on this ___1___ day of July, 2015.

_____
**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record